UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIC GOGGLES, INC., | No. C-11-03481 (DMR) |
| Plaintiff(s), | **REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE AND ORDER REASSIGNING CASE TO DISTRICT JUDGE** |
| v. | |
| MAOR AMAR, | |
| Defendant(s). | |

Due to Plaintiff's repeated failure to file its complaint, respond to Court orders, or appear at the initial case management conference, the court *sua sponte* recommends that the matter be dismissed without prejudice for failure to prosecute. Plaintiff filed a paper version of its complaint on July 15, 2011. [Docket No. 1.] The Court issued a clerk's notice alerting Plaintiff that it had failed to e-file its complaint, as required by Local Rule 5-4 and General Order 45, and ordered it to do so within ten days. [Docket No. 5.] On August 19, 2011, the court again ordered Plaintiff to e-file its complaint within ten days or possibly face sanctions. [Docket No. 6.] On September 15, 2001, the court ordered Plaintiff to show cause why the court should not sanction it for failing to obey the previous orders. [Docket No. 8.] After Plaintiff failed to respond, the court ordered Plaintiff to e-file its complaint by September 26, 2011 or else be sanctioned "$100 a day until Plaintiff e-file[d] the complaint." [Docket No. 9.] To this date, Plaintiff has not e-filed its complaint

or responded in any manner.  The court held an initial case management conference on October 26, 2011, and Plaintiff failed to appear.

"It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (emphasis added) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  When determining whether to exercise this power, the court "must weigh [its] need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions."  *Id.* (citations omitted).  Moreover, only "unreasonable" delay supports a dismissal for lack of prosecution.  *Id.* (citation and quotation marks omitted).  When the court finds such delay, there is "a presumption of injury to [the defendant's] defenses."  *Id.* (citations omitted).

After assessing these factors, the court finds that they warrant dismissal.  Plaintiff's inaction has led to an unreasonable delay in the progression of this case.  *See also id.* at 496-97 (holding that delay of four to six weeks may warrant dismissal without prejudice).  The court has repeatedly instructed Plaintiff to e-file its complaint to no avail, and even the imposition of sanctions short of dismissal has not stirred Plaintiff to act.  Plaintiff's behavior has congested the Court's docket and presumptively injured Defendant's defenses.  *See id.* at 496.  Further, because Defendant has not yet appeared in this action, he likely will not suffer prejudice from dismissal, even if Plaintiff decides to re-file the case at a later date.

Because Plaintiff has not filed a consent to magistrate judge jurisdiction, the court ORDERS that this case be reassigned to a District Judge and RECOMMENDS that this case be dismissed without prejudice.

IT IS SO ORDERED.

Dated:  October 26, 2011

_____
DONNA M. RYU
United States Magistrate Judge

2